IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                               Case No. 2:89-cr-138-1

Juan Bass

ORDER

This matter is before the court on the defendant's application to seal criminal records. The application is essentially a request for expungement of records, and the form used by defendant is one employed for sealing criminal records pursuant to Ohio Rev. Code §2953.32. However, in the above case, defendant was convicted of violations of federal criminal law. There is no general federal statute authorizing the expungement of records.

The Sixth Circuit has held that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). However, even this expungement power was narrow and appropriately used only in extreme circumstances, such as illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. See United States v. Robinson, 79 F.3d 1149 (table), 1996 WL 107129 at *1-2 (6th Cir. March 8, 1996)(noting that courts had uniformly denied expungement requests regarding valid convictions, and held that the fact that defendant's conviction prevented her from obtaining more favorable employment did not constitute extraordinary circumstances warranting expungement).

More recently, several circuits have addressed the question of whether federal courts, in exercising their inherent authority to

expunge criminal records, have ancillary jurisdiction to order the expungement of records in cases where the request is filed in the original criminal case and no attack is made on the validity of the arrest or conviction. See United States v. Rowlands, 451 F.3d 173, 178 (3rd Cir. 2006); United States v. Meyer, 439 F.3d 855, 861-62 (8th Cir. 2006); United States v. Sumner, 226 F.3d 1005, 1014-15 (9th Cir. 2000). In United States v. Coloian, 480 F.3d 47 (1st Cir. 2007), the court discussed the impact of the Supreme Court's decision in Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994) on expungement requests. In Kokkonen, the Supreme Court noted that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." 511 U.S. at 377. The Court further stated that the federal courts' ancillary jurisdiction serves two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80.

In Coloian, the defendant was acquitted following a jury trial, and defendant sought expungement due to the fact that his record created a stigma on his ability to practice law. The court held that defendant's request for expungement did not implicate either of the reasons for the existence of ancillary jurisdiction. The court noted that the original criminal charges in the case had nothing to do with the equitable grounds upon which defendant sought expungement of his record, and that the existence and availability of the criminal records did not frustrate or defeat

2

the defendant's acquittal, but rather accurately documented his arrest, trial, and acquittal. Coloian, 480 F.3d at 52. The court held that the district court lacked jurisdiction to consider the motion for expungement of defendant's criminal records on equitable grounds.

In United States v. Lucido, 612 F.3d 871 (6th Cir. 2010), the Sixth Circuit addressed the issue of whether the district court had the authority to grant a motion requesting the expungement of arrest records and other records in the possession of law enforcement agencies. The court noted that the district court had no authority to rule on the expungement motion based on its original authority over the defendant's criminal cases under 18 U.S.C. §3231 or any other federal statute. Id. at 873-74. The court also concluded, citing Kokkonen, that the district court did not have ancillary jurisdiction to rule on the motion because the motion did not involve "factually interdependent" claims or managing the criminal cases, vindicating the court's power over the cases, or effectuating any orders in the cases. Id. at 874-75 (noting that defendant's good conduct since his acquittals, his successful investment business and his difficulty attracting clients due to the records of the indictments had nothing to do with the facts underlying his original criminal cases). The court also concluded that its prior decision in "Doe cannot be reconciled with Kokkonen because it extends the courts' jurisdiction beyond that provided by the Constitution, by statute and by the limited doctrine of ancillary jurisdiction." Id. at 876.

The expungement of records in this case is not necessary "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or "to enable a

3

court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-80. The defendant seeks the expungement of his criminal records to advance his employment opportunities. He does not allege that the conviction in his case is invalid or that the records of this court are inaccurate or contain a clerical error.

This court concludes that it has no ancillary jurisdiction over defendant's request for expungement. Even if it is assumed that the court has inherent authority to consider defendant's motion, defendant has failed to demonstrate extraordinary circumstances which would justify the expungement of the criminal records in this case. See Robinson, 1996 WL 107129 at *1-2 (noting that in considering expungement, the harm of maintaining the records to the defendant's employment must be balanced against government's need to maintain extensive records to aid in effective law enforcement); see also Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 702 (5th Cir. 1997)(government's interests in maintaining criminal records are presumed unless one seeking expungement can overcome them, and the burden is on the defendant to justify expungement).

Defendant's application to seal criminal records is denied.

Date: March 13, 2012                    s\James L. Graham
                                        James L. Graham
                                        United States District Judge